UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

FREDERICKA V. BLACK
and other similarly-situated individuals,

    Plaintiff(s),

v.

BALAJI INVESTMENTS, INC.,
d/b/a DAYS INN, and
HARESH JARIWALA, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FREDERICKA V. BLACK, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants BALAJ INVESTMENTS, INC., d/b/a DAYS INN, and HARESH JARIWALA individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FREDERICKA V. BLACK (hereinafter FREDERICKA V. BLACK, or Plaintiff) is a resident of Miami-Dade County. Plaintiff is a covered employee for purposes of the Act.

3. Defendant BALAJ INVESTMENTS, INC., d/b/a DAYS INN  (hereinafter, DAYS INN FORT LAUDERDALE, or Defendant) is a Florida corporation having a place of business

in Broward County, Florida, where Plaintiff worked for Defendant. At all times, material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant HARESH JARIWALA was and is now the owner/partner/officer and manager of Defendant Corporation DAYS INN FORT LAUDERDALE. Defendant HARESH JARIWALA was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff FREDERICKA V. BLACK to recover from Defendants unpaid overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant DAYS INN FORT LAUDERDALE is a hotel located at 1700 W. Broward Blvd., Fort Lauderdale, FL 33312, where Plaintiff worked.

8. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff FREDERICKA V. BLACK as a non-exempted, full-time hotel employee from approximately June 01, 2018, to November 15, 2021, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 133 weeks.

9. Plaintiff had multiple duties as a night auditor, customer service, front desk attendant, housekeeping, and clerical work. Plaintiff was paid at different rates throughout her employment.

10. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked 7 days per week, from Monday to Sunday, from 3:00 PM to 12:00 AM (9 hours daily), a minimum of 63 hours weekly. Sometimes, Plaintiff worked more than 63 hours weekly.

11. Every week Plaintiff worked regularly and consistently for more than 40 hours. Defendants paid Plaintiff for some overtime hours. However, she was not paid for all her overtime hours.

12. Plaintiff estimates that during her employment with Defendants, they failed to pay Plaintiff a minimum average of 5 overtime hours per week.

13. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of hours worked.

16. Plaintiff was not in agreement with the number of overtime hours paid to her, and she complained multiple times about her missing overtime payments to the General Manager, Deepak Kohli. Deepak Kohli always promised to fix the problem next week, but he never corrected anything.

17. On or about October 31, 2021, Plaintiff complained verbally to the owner of the business, Haresh Jariwala. Plaintiff demanded to be paid for all her overtime hours. The owner of the company told Plaintiff that he would investigate.

18. As a result of Plaintiff's complaints, on or about November 15, 2021, Plaintiff was unfairly accused of stealing, and she was fired by Haresh Jariwala. At all times, Plaintiff denied the accusations.

19. At the time of her termination, Defendants refused to pay Plaintiff her last two weeks of employment plus one day.

20. On or about November 15, 2021, Plaintiff was fired due to her continuous complaints about missing payment for overtime hours and due to discriminatory reasons. Plaintiff is in the process of filing her Charge Of Discrimination with the US Equal Employment Opportunity Commission.

21. Plaintiff FREDERICKA V. BLACK intends to recover any regular hours, overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

23. Plaintiff FREDERICKA V. BLACK re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff FREDERICKA V. BLACK as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant DAYS INN FORT LAUDERDALE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hotel and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintaining facilities providing hotel services to tourists. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines in the course of business. Therefore, there is FLSA individual coverage.

27. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff FREDERICKA V. BLACK as a non-exempted, full-time hotel employee from

approximately June 01, 2018, to November 15, 2021, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 133 weeks.

28. Throughout her employment, Plaintiff was paid at different wage rates. Plaintiff's last wage rate was $13.00 an hour.

29. During the relevant time of employment with Defendants, Plaintiff had a regular schedule, and he worked 7 days per week, a minimum of 63 hours weekly. Sometimes, Plaintiff worked more than 63 hours weekly.

30. Every week Plaintiff worked regularly and consistently for more than 40 hours. Defendants paid Plaintiff for some overtime hours. However, Plaintiff was not paid for all her overtime hours.

31. Plaintiff estimates that during her employment with Defendants, they failed to pay Plaintiff a minimum average of 5 overtime hours per week.

32. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of hours worked.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants

did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that this amount is based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff will base her calculations on 5 unpaid overtime hours.

   a. Total amount of alleged unpaid O/T wages:

   Eleven Thousand One Hundred Three Dollars and 75/100 ($11,103.75)

   b. Calculation of such wages:

   Total weeks of employment: 3 years + 5 months
   Total relevant weeks of employment: 133 weeks
   Total hours worked: 63 weekly
   Total unpaid O/T hours: 5 O/T hours

   1. O/T from April 28, 2019, to March 22, 2020, (47 weeks) at $11.50 x 1.5= O/T $17.25
      O/T $17.25 x 5 O/T hours=$86.25 weekly x 47 weeks=$4,053.75

   2. O/T from March 23, 2020, to March 07, 2021, (50 weeks) at $10.00 x 1.5= O/T $15.00
      O/T $15.0 x 5 O/T hours=$75.00 weekly x 50 weeks=$3,750.00

   3. O/T from March 08, 2021, to April 18, 2021, (6 weeks) at $11.00 x 1.5= O/T $16.50
      O/T $16.50 x 5 O/T hours=$82.50 weekly x 6 weeks=$495.00

   4. O/T from April 19, 2021, to August 08, 2021, (16 weeks) at $12.00 x 1.5= O/T $18.00
      O/T $18.00 x 5 O/T hours=$90.00 weekly x 16 weeks=$1,440.00

5. O/T from August 09, 2021, to November 15, 2021, (14 weeks) at $13.00 x 1.5= O/T $19.50
   O/T $19.50 x 5 O/T hours=$97.50 weekly x 14 weeks=$1,365.00

Total #1, #2 #3, #4, and #5: $11,103.75

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At times mentioned, individual Defendant HARESH JARIWALA was the owner/partner, and he directed DAYS INN FORT LAUDERDALE operations. This individual Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DAYS INN FORT LAUDERDALE concerning its employees, including Plaintiff and others similarly situated. Defendant HARESH JARIWALA had financial and operational control of the business and provided

Plaintiff with her work schedule. Accordingly, he is jointly and severally liable for Plaintiff's damages.

41. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FREDERICKA V. BLACK and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FREDERICKA V. BLACK and other similarly-situated individuals and against the Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff FREDERICKA V. BLACK actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff FREDERICKA V. BLACK demands a trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE**

43. Plaintiff re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

44. Defendant DAYS INN FORT LAUDERDALE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hotel and through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

45. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintaining facilities providing hotel services to tourists. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines in the course of business. Therefore, there is FLSA individual coverage.

46. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

47. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff FREDERICKA V. BLACK as a non-exempted, full-time hotel employee from approximately June 01, 2018, to November 15, 2021, or more than 3 years. However, for FLSA purposes Plaintiff's relevant time of employment is 133 weeks.

48. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked 7 days per week, from Monday to Sunday, from 3:00 PM to 12:00 AM (9 hours daily), a minimum of 63 hours weekly. Sometimes, Plaintiff worked more than 63 hours weekly.

49. Every week Plaintiff worked regularly and consistently for more than 40 hours. Defendants paid Plaintiff for some overtime hours. However, she was not paid for all her overtime hours.

50. Plaintiff complained many times about her unpaid overtime, and as a result, Plaintiff was fired on or about November 15, 2021.

51. At the time of her termination, Defendants refused to pay Plaintiff her last two weeks of employment plus one day of 9 working hours.

52. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

53. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

55. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of hours worked.

56. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody of Defendants. However, Defendant sdid not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

57. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

58. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Please note that this amount is based on preliminary calculations, and these figures could be subject to modifications as discovery could dictate.

Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Seven Hundred Sixty-Nine and 85/100 ($769.85)

   b. <u>Calculation of such wages</u>:

      Total period of employment:  3 years plus 5 months
      Total relevant weeks: 2 weeks plus 1 day
      Total number of unpaid weeks: 2 weeks plus 1 day
      Total hours worked: 40 regular hours weekly
      Rate paid:  $13.00 an hour
      Florida minimum wage 2021:  $8.65

      1.- Min. wage $8.65 x 40 hours= $346.00 weekly x 2 week=$692.00
      2.- Min. wage $8.65 x 9 hours= $77.85

   c. <u>Nature of wages:</u>

      This amount represents unpaid minimum wages at the Florida minimum wage rate.

59. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during her relevant time of employment.

60. Defendants knew and showed reckless disregard about the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

61. At times mentioned, individual Defendant HARESH JARIWALA was the owner/partner, and he directed DAYS INN FORT LAUDERDALE operations. This individual Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DAYS INN FORT LAUDERDALE concerning its employees, including Plaintiff and others similarly situated. Defendant HARESH JARIWALA had financial and operational control of the business and provided

Plaintiff with her work schedule. Accordingly, he is jointly and severally liable for Plaintiff's damages.

62. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

63. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FREDERICKA V. BLACK respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FREDERICKA V. BLACK and against the Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FREDERICKA V. BLACK and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

### COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

64. Plaintiff FREDERICKA V. BLACK re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

65. Defendant DAYS INN FORT LAUDERDALE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

66. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintaining facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

69. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

70. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff FREDERICKA V. BLACK as a non-exempted, full-time hotel employee from approximately June 01, 2018, to November 15, 2021, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 133 weeks.

72. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked 7 days per week, a minimum of 63 hours weekly.

73. Every week Plaintiff worked regularly and consistently for more than 40 hours. Defendants paid Plaintiff for some overtime hours. However, she was not paid for all her overtime hours.

74. Plaintiff estimates that during her employment with Defendants, they failed to pay Plaintiff a minimum average of 5 overtime hours per week.

75. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of hours worked.

78. Plaintiff was not in agreement with the number of overtime hours paid to her, and she complained multiple times about her missing overtime payments to the General Manager, Deepak Kohli. Deepak Kohli always promised to fix the problem next week, but he never corrected anything.

79. These complaints constituted protected activity under the Fair Labor Standards Act.

80. On or about October 31, 2021, Plaintiff complained verbally to the owner of the business, Haresh Jariwala.  Plaintiff demanded to be paid for all her overtime hours. The owner of the business told Plaintiff that he would investigate.

81. However, as a direct result of Plaintiff's complaints, on or about November 15, 2021, Plaintiff was unfairly accused of stealing, and she was fired by Haresh Jariwala. At all times, Plaintiff denied the accusations.

82. At the time of her termination, Defendants refused to pay Plaintiff her last two weeks of employment plus one day of work.

83. On or about November 15, 2021, Plaintiff was fired due to her continuous complaints about missing payment for overtime hours.

84. During her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

85. There is closed proximity between Plaintiff's last protected activity and her termination.

86. At times mentioned, individual Defendant HARESH JARIWALA was the owner/partner, and he directed DAYS INN FORT LAUDERDALE operations. This individual Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DAYS INN FORT LAUDERDALE concerning its employees, including Plaintiff and others similarly situated. Defendant HARESH JARIWALA had financial and operational control of the business and provided Plaintiff with her work schedule. Accordingly, he is jointly and severally liable for Plaintiff's damages.

87. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA willfully and intentionally refused to pay Plaintiff regular and overtime wages as required by the laws of the United States as set forth above and then retaliated against Plaintiff by firing her.

88. The motivating factor which caused Plaintiff's discharge as described above was Plaintiff's complaints seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaints about overtime wages.

89. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

90. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff FREDERICKA V. BLACK respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA, that Plaintiff FREDERICKA V. BLACK recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FREDERICKA V. BLACK further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff FREDERICKA V. BLACK demands a trial by jury of all issues triable as of right by jury.

Dated: May 22, 2022,

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*