UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:22-CV-60969-AHS

FREDERICKA V. BLACK, and other
Similarly-situated individuals,

       Plaintiff(s),

v.

BALAJI INVESTMENTS, INC.
d/b/a DAYS INN, and
HARESH JARIWALA, individually,

       Defendants,
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiff, Fredericka V. Black ("Plaintiff"), and Defendants, Balaji Investments, Inc. d/b/a Days Inn ("Days Inn") and Haresh Jariwala (collectively with Days Inn the "Defendants"), jointly move this Court to approve the parties' settlement and enter an order dismissing this action with prejudice. In support thereof, Plaintiff and Defendants state:

1.     Plaintiff filed her Complaint on May 22, 2022 [DE 1] alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendants violated the FLSA by failing to pay Plaintiff overtime compensation, minimum wage, and in terminating her employment.

2.     Plaintiff admits that she clocked in and out for work, and that Defendants tracked the hours that she worked. [DE 1 at ¶ 13]. She further admits that Defendants paid her for overtime hours. [DE 1 at ¶ 11]. However, Plaintiff alleges that Defendants failed to pay her approximately 5 hours of overtime every week. *Id*. Plaintiff claims that she complained of not receiving her overtime pay and was thereafter accused of stealing and her employment terminated. [DE 1 at ¶

18]. She alleges that she was not paid her final paycheck for her last two weeks of work. [DE 1 at ¶ 19].

3. Defendants deny any wrongdoing under the FLSA. Defendants produced Plaintiff's time keeping records and her payroll records, which refute that Defendants failed to pay Plaintiff 5 hours of overtime each week. Defendants further produced two separate confessions, handwritten and signed by Plaintiff, wherein she admitted to taking cash from Defendants, along with the police report Defendants filed the same day. Defendants deny that Plaintiff ever reported any allegations of unpaid overtime, and assert that her termination was for a legitimate, non-retaliatory reason (i.e., her confessions). With regards to this, Plaintiff denies she ever took cash from the Defendants and asserts that the purported confessions were made under duress.

4. Considering Plaintiff's claims and Defendants' defenses, the parties conducted an initial exchange of documents and entered extended, arms-length settlement negotiations addressing Plaintiff's claims, Defendants' defenses, and the desirability of resolving the lawsuit.

5. The parties have executed a Settlement Agreement and FLSA Release (the "Settlement Agreement") that contains reasonable compromises over the issues giving rise to this lawsuit. A copy of the Settlement Agreement is attached hereto as Exhibit "A."

6. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice.

7. The settlement is a fair and reasonable resolution of the dispute between the parties. All parties were represented by legal counsel experienced in FLSA matters. The parties each assessed their respective positions, along with the likelihood of success on the merits, and

determined that it is in their respective best interests to resolve this matter through an early settlement rather than proceed through costly litigation. All parties agree the settlement represents a fair and reasonable resolution of Plaintiff's claims, in consideration of Defendants' defenses.

8. The attorneys' fees awarded by the settlement agreement are reasonable and were negotiated separate and apart. Plaintiff's counsel spent substantial time meeting with Plaintiff to evaluate her potential claims. Counsel drafted and filed an initial Complaint and a Statement of Claim. The parties exchanged voluminous documents as part of the Statement of Claim and Response to Statement of Claim, which required review. The parties engaged in extensive and lengthy settlement discussions by phone and through email correspondence. The attorneys' fees negotiated in the Settlement Agreement are fair and reasonable.

9. Finally, the parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an order: (a) approving the Settlement Agreement as fair and reasonable; (b) dismissing the lawsuit with prejudice; and (c) retaining jurisdiction to enforce the terms of the Settlement Agreement.

Dated: November 28, 2022

| | |
|---|---|
| */s/Zandro E. Palma* | */s/ Holly Griffin Goodman* |
| Zandro E. Palma, Esq. | Holly Griffin Goodman |
| Florida Bar No. 0024031 | Florida Bar No. 93213 |
| Email:  zep@ThePalmaLawGroup.com | Email:  hgoodman@gunster.com |
| 9100 S. Dadeland Blvd. | Gunster, Yoakley & Stewart, P.A. |
| Suite 1500 | 777 S. Flagler Drive, Suite 500 East |
| Miami, FL 33156 | West Palm Beach, FL 33401 |
| T.: (305) 446-1500 / F.:  (305) 446-1502 | T:  231-655-1980 / F: 561-655-5677 |
| *Counsel for Plaintiff* | *Attorney for Defendants* |

ACTIVE:16370350.1